**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-02103-TPO

LEAGUE OF WOMEN VOTERS OF COLORADO, et al.,

Plaintiffs,

v.

JENA GRISWOLD, in her official capacity as Colorado Secretary of State,

Defendant.

---

**THE SECRETARY'S ANSWER TO PLAINTIFFS' COMPLAINT**

---

Defendant Jena Grisold, Colorado Secretary of State, in her official capacity, submits this Answer to Plaintiffs' Complaint, Dkt. 1.

**ANSWER TO INTRODUCTION**

1. Defendant denies the allegations in Paragraph 1 of the Complaint, except admits that the Colorado General Assembly passed House Bill 25-1315 and that Plaintiffs brought this lawsuit.

2. To the extent Paragraph 2 of the Complaint states factual allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies them. To the extent Paragraph 2 states legal conclusions, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2, except admits that the right to vote is secured by the Constitutions of the United States and of the State of Colorado.

3. To the extent Paragraph 3 of the Complaint states factual allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies them. To the extent Paragraph 3 states legal conclusions, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 3, except admits that the U.S. Supreme Court issued a decision in *Kramer v. Union Free Sch. Dist. No. 15*, 395 U.S. 621 (1969), and refers to that decision for its contents.

4. Defendant denies the allegations in Paragraph 4 of the Complaint, except admits that HB 25-1315, Section 4 (codified at C.R.S. § 1-12-203) creates "major party vacancy elections" in which voters residing in the appropriate legislative district who are affiliated with the same major political party as the former representative and unaffiliated voters may vote.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore denies them.

6. Defendant denies the allegations in Paragraph 6 of the Complaint, except admits that when a major party vacancy election is triggered, such an election is open to members of the same major party as the former representative and to unaffiliated voters.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore denies them.

8. Defendant denies the allegations in Paragraph 8 of the Complaint, except admits that the right to vote is secured by the Constitutions of the United States and of the State of Colorado, and admits that, under HB 25-1315, when a major party vacancy election is triggered, such an election is open to members of the same major party as the former representative and to unaffiliated voters.

9. Defendant denies the allegations in Paragraph 9 of the Complaint, except admits that the U.S. Supreme Court issued a decision in *Kramer v. Union Free Sch. Dist. No. 15*, 395 U.S. 621 (1969), and refers to that decision for its contents.

10. Defendant denies the allegations in Paragraph 10 of the Complaint, except admits that the U.S. Supreme Court issued a decision in *Kramer v. Union Free Sch. Dist. No. 15*, 395 U.S. 621 (1969), and refers to that decision for its contents.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore denies them, except admits that before HB 25-1315, Colorado law required legislative vacancies to be filled by vacancy committee.

12. The allegations in paragraph 12 are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 12, except admits that the U.S. Supreme Court issued a decision in *Kramer v. Union Free Sch. Dist. No. 15*, 395 U.S. 621 (1969), and refers to that decision for its contents.

13. Defendant denies the allegations in Paragraph 13 of the Complaint, except admits that, under HB 25-1315, vacant state legislative seats are filled by vacancy committee until either an odd-year major party vacancy election or an even year general election, depending on the circumstances.

14. The allegations in Paragraph 14 are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 14, except admits that the U.S. Supreme Court issued a decision in *Reynolds v. Sims*, 377 U.S. 533 (1964), and refers to that decision for its contents.

15. The allegations in paragraph 15 are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint, except admits that major party vacancy elections, if triggered, will occur during odd-year coordinated elections.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies them.

18. The allegations in Paragraph 18 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant admits the quoted text is contained in HB 25-1315 (as codified at C.R.S. § 1-12-203(1.7)), and refers to the bill and statute for their contents.

19. The allegations in Paragraph 19 are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 19 of the Complaint.

20. The allegations in Paragraph 20 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 20, except admits that the quoted text is contained in the Fourteenth Amendment to the U.S. Constitution, and refers to that amendment for its contents.

21. The allegations in Paragraph 21 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 21.

22. The allegations in Paragraph 22 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 22, except admits that the quoted text is contained in Article II, Section 5 of the Colorado Constitution, and refers to that section for its contents.

23. The allegations in Paragraph 23 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 23, except admits that the quoted text is contained in Article VII, Section 1 of the Colorado Constitution, and refers to that section for its contents.

24. The allegations in Paragraph 24 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 24, except admits that the quoted text is contained in Article VII, Section 11 of the Colorado Constitution, and refers to that section for its contents.

25. The allegations in Paragraph 25 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 25, except admits that HB 25-1315 created major party vacancy elections.

26. The allegations in Paragraph 26 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 26.

27. The allegations in Paragraph 27 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 27.

**ANSWER TO PARTIES, JURISDICTION, AND VENUE**

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore denies them.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore denies them.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and therefore denies them.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and therefore denies them.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and therefore denies them.

34. Defendant admits the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint, except admits that Plaintiffs purport to bring claims under 42 U.S.C. §§ 1983 and 1988.

36. Defendant denies the allegations in Paragraph 36 of the Complaint, except admits that Plaintiffs purport to invoke the jurisdiction of this Court.

37. Defendant denies the allegations in Paragraph 37 of the Complaint, except admits that Plaintiffs purport to invoke this Court's supplemental jurisdiction over state-law claims.

38. Defendant denies the allegations in Paragraph 38 of the Complaint, except admits that she is the Colorado Secretary of State and that she is sued only her official capacity.

39. Defendant denies the allegations in Paragraph 39 of the Complaint, except admits that Plaintiffs purport to invoke the venue of this Court.

40. Defendant denies the allegations in Paragraph 40 of the Complaint, except admits that Plaintiffs request declaratory and injunctive relief in the Complaint.

## ANSWER TO FACTUAL ALLEGATIONS

### A. Party Insiders Filled Vacancies Prior to Enactment of HB25-1315.

41. Defendant admits that Paragraphs 42-44 purport to describe the pre-HB 25-1315 version of C.R.S. § 1-12-203.

42. Defendant admits that the quoted text is attributable to § 1-12-203(1), C.R.S. (2021), and refers to that statute for its contents.

43. Defendant denies the allegations in Paragraph 43 of the Complaint, except admits that the quoted text is attributable to § 1-12-203, C.R.S. (2021), and refers to that statute for its contents.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and therefore denies them.

### B. HB 25-1315 Is Enacted to Reform the Old System, but, Instead, It Disenfranchises Colorado Voters in Violation of the U.S. and Colorado Constitutions.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore denies them.

46. Defendant denies the allegation in Paragraph 46 of the Complaint.

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them.

48. Defendant denies the allegations in Paragraph 48 of the Complaint, except admits that, under HB 25-1315, a state legislative vacancy is filled by a vacancy committee appointment followed by either a general election or a major party vacancy election, depending on the circumstances, and refers to that bill and statute for their contents.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant admits that the quoted text is contained in HB 25-1315, Section 4 (codified at C.R.S. § 1-12-203(1.5)(c)), and refers to the statute for its contents.

51. Defendant denies the allegations in Paragraph 51 of the Complaint, except admits that the quoted text is contained in C.R.S. § 1-12-203(1.7), and refers to that statute for its contents.

52. Defendant admits that under HB 25-1315, Section 2 (codified at C.R.S. § 1-3-103), newly appointed committeepersons may not participate in a vacancy appointment until 91 days after their appointment and that when a state central committee fails to select a vacancy committee, the vacancy committee will be comprised of the state senatorial central committee or state representative central committee and county commissioners who are members of the same political party and reside within the relevant district.

### C. HB 25-1315 Faced Rightful Criticism Leading Up to and Following Its Enactment.

53. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and therefore denies them.

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and therefore denies them.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint and therefore denies them.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint and therefore denies them.

57. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and therefore denies them, except admits that the Colorado General Assembly adopted HB 25-1315 during the 2025 regular session, HB 25-1315 was signed into law by Governor Jared Polis, and HB 25-1315 took effect on August 6, 2025.

58. The allegations in Paragraph 58 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58.

59. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint and therefore denies them. Defendant states that to the extent any members of the Colorado General Assembly have resigned since HB 25-1315 went into effect, those resignations would not have triggered an odd-year major party vacancy election.

60. The allegations in Paragraph 60 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 60.

**D. HB 25-1315 Violates the U.S. Constitution On Its Face and As Applied.**

61. The allegations in Paragraph 61 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 61, except admits that the quoted text is contained in the First Amendment to the U.S. Constitution, and refers to that amendment for its contents.

62. The allegations in Paragraph 62 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 62.

63. Defendant admits that the quoted text is contained in the Fourteenth Amendment to the U.S. Constitution, and refers to that amendment for its contents.

64. The allegations in Paragraph 64 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 64.

65. The allegations in Paragraph 65 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 65.

66. The allegations in Paragraph 66 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 66.

67. To the extent Paragraph 67 of the Complaint states factual allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies them. To the extent Paragraph 67 states legal conclusions, no

response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 67.

68. To the extent Paragraph 68 of the Complaint states factual allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies them. To the extent Paragraph 68 states legal conclusions, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 68.

69. The allegations in Paragraph 69 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 69.

**E. HB 25-1315 Violates the Colorado State Constitution On Its Face and As Applied.**

70. The allegations in Paragraph 70 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 70, except admits the quoted text is contained in Article II, Section 5 of the Colorado Constitution, and refers to that section for its contents.

71. The allegations in Paragraph 71 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 71, except admits the quoted text is contained in Article VII, Section 1 of the Colorado Constitution, and refers to that section for its contents.

72. The allegations in Paragraph 72 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in

Paragraph 72, except admits the quoted text is contained in Article VII, Section 11 of the Colorado Constitution, and refers to that section for its contents.

73. The allegations in Paragraph 73 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 73.

74. The allegations in Paragraph 74 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 74.

**ANSWER TO NEED FOR RELIEF**

75. The allegations in Paragraph 75 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 75, except admits that HB 25-1315 creates major party vacancy elections, and refers to that bill and statute for their contents.

76. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies them.

77. To the extent Paragraph 77 of the Complaint states factual allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore denies them. To the extent Paragraph 77 states legal conclusions, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 77.

**ANSWER TO COUNT 1**

**VIOLATIONS OF THE FIRST AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION**

78. Defendant incorporates her responses to Paragraphs 1-77 above as if fully set forth herein.

79. Defendant denies the allegations in Paragraph 79 of the Complaint, except admits that the U.S. Supreme Court issued a decision in *Kramer v. Union Free Sch. Dist. No. 15*, 395 U.S. 621 (1969), and refers to that decision for its contents.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Defendant denies the allegations in Paragraph 81 of the Complaint, except admits that the U.S. Supreme Court issued a decision in *Burdick v. Takushi*, 504 U.S. 428 (1992), and refers to that decision for its contents.

82. Defendant denies the allegations in Paragraph 82 of the Complaint, except admits that the U.S. Supreme Court issued a decision in *Timmons v. Twin Cities Area New Party*, 520 U.S. 351 (1997), and refers to that decision for its contents.

83. Defendant denies the allegations in Paragraph 83 of the Complaint.

84. Defendant denies the allegations in Paragraph 84 of the Complaint.

85. Defendant denies the allegations in Paragraph 85 of the Complaint.

86. Defendant denies the allegations in Paragraph 86 of the Complaint.

87. Defendant denies the allegations in Paragraph 87 of the Complaint.

## ANSWER TO COUNT II

## VIOLATIONS OF ARTICLE II SECTION 5 & ARTICLE VII SECTIONS 1 AND 11 OF THE COLORADO STATE CONSTITUTION

88. Defendant incorporates her responses to Paragraphs 1-87 above as if fully set forth herein.

89. Defendant admits that the text quoted in Paragraph 89 of the Complaint is contained in Article II, Section 5 of the Colorado Constitution, and refers to that section for its contents.

90. Defendant admits that the text quoted in Paragraph 90 of the Complaint is contained in Article VII, Section 1 of the Colorado Constitution, and refers to that section for its contents.

91. Defendant admits that the text quoted in Paragraph 91 of the Complaint is contained in Article VII, Section 11 of the Colorado Constitution, and refers to that section for its contents.

92. Defendant denies the allegations in Paragraph 92 of the Complaint.

93. Defendant denies the allegations in Paragraph 93 of the Complaint.

94. Defendant denies the allegations in Paragraph 94 of the Complaint.

95. Defendant denies the allegations in Paragraph 95 of the Complaint.

## ANSWER TO REQUEST FOR RELIEF

Defendant denies the allegations contained in Plaintiffs' "Request for Relief," including that Plaintiffs are entitled to the requested relief.

**GENERAL DENIAL**

Defendant denies all the allegations made in the Complaint that are not specifically admitted in this Answer.

**DEFENSES**

Each Plaintiff lacks standing.

This Court should not exercise supplemental jurisdiction because the state constitutional claims raise novel and complex issues of state law.

Plaintiffs fail to state a claim for which relief may be granted.

Plaintiffs' claims fail because HB 25-1315 complies with the U.S. and Colorado constitutions.

**DEFENDANT'S REQUESTED RELIEF**

Based on the foregoing, Defendant requests that the Court rule in her favor as follows:

That judgment be entered for Defendant and against Plaintiffs;

That Plaintiffs' requests for relief be denied; and

For such other and further relief as the Court deems just and proper.

Respectfully submitted this 30th day of June, 2026,

PHILIP J. WEISER
Attorney General

s/ Lane Towery

***Lane Towery,*** Assistant Attorney General
Public Officials Unit | State Services Section
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, Denver, CO 80203
Telephone: 720.508.6000
lane.towery@coag.gov
*Attorney for Defendant*